UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| CHRISTIE SCARBOROUGH, | ) | |
| Plaintiff, | ) | Civil Action No. 5:20-cv-00069 |
| v. | ) | **MEMORANDUM OPINION** |
| FREDERICK COUNTY SCHOOL BOARD, *et al.*, | ) | By:  Hon. Thomas T. Cullen<br>     United States District Judge |
| Defendants. | ) | |

Defendants Frederick County School Board ("FCSB"), Steve Edwards, David Sovine, and James Angelo (collectively, "Defendants") have filed a motion for reconsideration. But the basis of their motion—that Plaintiff Christie Scarborough purposefully misled the court by alleging that Defendants had not posted terms and conditions on the relevant Facebook page—was not the basis of the court's decision. Defendants' motion for reconsideration will therefore be denied.

**I.     RELEVANT BACKGROUND**

On February 8, 2021, the court entered a Memorandum Opinion and Order granting in part and denying in part Defendants' motion to dismiss. (ECF Nos. 42–43.) Relevant here, the court denied Defendants' motion to dismiss as to Scarborough's failure-to-train claim (Count III). In doing so, the court found that Scarborough had plausibly alleged: (1) that Defendants violated her First and Fourteenth Amendment rights; (2) that Defendants acted with deliberate indifference to those rights; and (3) that there was a sufficient causal nexus between the alleged constitutional injury and the failure to train. (*See* ECF No. 42 at

22–25.) As to the second element, whether Defendants allegedly acted with deliberate indifference, the court reasoned:

> Scarborough alleged that Mr. Edwards—FCSB's employee—messaged her on Facebook and espoused their "terms and conditions" as the reason she was blocked from Facebook. This indicates that Defendants made conscious decisions and had a policy about what was and was not allowed on their online platforms, further supporting Scarborough's claim.

(*Id.* at 25.)

On February 14, 2021, Defendants filed the instant motion for partial reconsideration. (ECF No. 47.) Defendants argue that after Scarborough served her initial disclosures, it became clear that Scarborough knew that FCSB did, in fact, have terms and conditions posted on their Facebook page at the relevant time. As such, Defendants argue that Scarborough made purposeful misrepresentations in her Second Amended Complaint when she alleged that FCSB had *not* posted any terms and conditions. Defendants request that the court reconsider that ruling "[t]o the extent that the court relied on misrepresentations knowingly made by [Scarborough] in her Complaint, that: (1) [Frederick County Public Schools'] Facebook page contained no Terms and Conditions; and (2) she had no warning that comments could be deleted." (ECF No. 47 at 2.) The parties have fully briefed the motion. Because oral argument would not help the court's decision-making process, the court foregoes oral argument and issues this Memorandum Opinion to resolve the motion.

## II.   ANALYSIS

Motions for reconsideration are not directly contemplated by the Federal Rules of Civil Procedure, but courts look to several rules for guidance. First, Rule 54(b) states: "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Courts are also guided by the principles in Rule 59 and Rule 60(b). *Eramo v. Rolling Stone LLC*, No. 3:15-CV-00023, 2016 WL 5942328, at *1 (W.D. Va. Oct. 11, 2016) (citation omitted). "Thus, the court has discretion to depart from a previous ruling '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice.'" *Id.* (alteration in original) (quoting *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012)).

The parties' briefing almost exclusively focuses on whether terms and conditions were in fact posted on the school's Facebook page, and whether Scarborough was aware of that fact when she filed her Second Amended Complaint (and therefore whether she purposefully misled the court). But it is unnecessary for the court to rule on this discrete issue at this time. Regardless of whether FCSB had terms and conditions posted on the school Facebook page, the court would still have denied Defendants' motion to dismiss the failure-to-train claim.

Defendants solely focus on one paragraph in the court's decision:

> Scarborough has adequately pleaded a failure-to-train claim. As detailed above, she has alleged plausible violations of her First and Fourteenth Amendment rights against FCSB. To establish the second element—failure on the part of FCSB to train its officials on First Amendment considerations for social media— *Scarborough points to* Defendants' failure to take screenshots of her posts; *their failure to post any terms and conditions on their social-media pages; their failure to warn her that her comments could be deleted;* and their failure to give her notice and an opportunity to be heard prior to deleting her comments and banning her from the platforms. These acts and omissions, *Scarborough argues*, support the inference that these officials were never trained on First Amendment law and viewpoint discrimination as they relate to the use of social media.

(ECF No. 42 at 24.) As the above-emphasized words illustrate, the court was explaining Scarborough's argument pertaining to the failure-to-train claim, but this paragraph does not contain the court's own reasoning.

The court's reasoning did not rely on Scarborough's allegations that there were no terms and conditions on the Facebook page. Rather, after taking the general allegations as true (1) that Defendants removed Scarborough's critical Facebook comments, and (2) that Edwards messaged Scarborough saying that he removed the comments *because* they violated FCSB's Terms and Conditions, the court found that those allegations stated a viable failure-to-train claim. Stated differently, the removal of Scarborough's comments, and Edwards's explicit comments about their removal, are demonstrative of Defendants' policy—*i.e.*, the kind of "deliberate" or "conscious" choice required for failure-to-train claims under the *City of Canton* framework. *See City of Canton v. Harris*, 489 U.S. 378, 389 (1989). For these reasons, and because the parties' factual dispute and the basis of Defendants' motion are inapposite, the court will deny Defendant's motion for reconsideration.

## III.   CONCLUSION

Accordingly, the court will deny Defendants' motion for reconsideration (ECF No. 47). A separate order will issue.

The Clerk is directed for forward a copy of this Memorandum Opinion and the accompanying Order to counsel of record and *pro se* Plaintiff Christie Scarborough.

**ENTERED** this 9th day of March, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE